1

2

3

4

5

# UNITED STATES DISTRICT COURT

6

# EASTERN DISTRICT OF WASHINGTON

7  JENNIFER D. LIGHT,                    No. 2:14-CV-00360-MKD

8          Plaintiff,                    ORDER GRANTING PLAINTIFF'S
                                         MOTION FOR SUMMARY
9      vs.                               JUDGMENT AND DENYING
                                         DEFENDANT'S MOTION FOR
10  CAROLYN W. COLVIN,                   SUMMARY JUDGMENT

11  Acting Commissioner of Social Security,   ECF Nos. 16, 22

12          Defendant.

13        BEFORE THE COURT are the parties' cross-motions for summary

14  judgment.  ECF Nos. 16, 22.  The parties consented to proceed before a magistrate

15  judge.  ECF No. 26.  The Court, having reviewed the administrative record and the

16  parties' briefing, is fully informed.  For the reasons discussed below, the Court

17  grants Plaintiff's motion (ECF No. 16) and denies Defendant's motion (ECF No.

18  22).

19

20

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

1    ALJ's decision on account of an error that is harmless." *Id*.  An error is harmless

2    "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

3    *Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's

4    decision generally bears the burden of establishing that it was harmed.  *Shineski v.*

5    *Sanders*, 556 U.S. 396, 409-410 (2009).

6    **SEQUENTIAL EVALUATION PROCESS**

7        The Commissioner has established a multi-step sequential evaluation

8    process for determining whether a person's disability has ended.  20 C.F.R. §

9    416.994(b)(5).  This multi-step continuing disability review process is similar to

10   the five-step sequential evaluation process used to evaluate initial claims, with

11   additional attention as to whether there has been medical improvement.  *Compare*

12   20 C.F.R. § 416.920 *with* § 416.994(b)(5).  A claimant is disabled only if his

13   impairment is "of such severity that he is not only unable to do his previous

14   work[,] but cannot, considering his age, education, and work experience, engage in

15   any other kind of substantial gainful work which exists in the national economy."

16   42 U.S.C. § 1382c(a)(3)(B).

17        Determination of whether a person's eligibility has ended for disability

18   benefits involves an eight-step process.  20 C.F.R.  § 416.994(b)(5)(i)-(vii).  The

19   first step addresses whether the claimant is engaging in substantial gainful activity.

20   20 C.F.R. § 404.1594(f)(1).  If not, step two determines whether the claimant has

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

1   an impairment or combination of impairments that meet or equal the severity of

2   listed impairments set forth at 20 C.F.R. pt. 404, subpt. P, app. 1. 20 C.F.R. §§

3   416.920(d), 416.994(b)(5)(i).  If the impairment does not equal a listed

4   impairment, the third step addresses whether there has been medical improvement

5   in the claimant's condition.  20 C.F.R. § 416.994(b)(5)(ii).  Medical improvement

6   is "any decrease in the medical severity" of the impairment that was present at the

7   time the individual was disabled or continued to be disabled.  20 C.F.R. §

8   416.994(b)(1)(i).  If there has been medical improvement, at step four, a

9   determination is made whether such improvement is related to the claimant's

10  ability to perform work—that is, whether there has been an increase in the

11  individual's residual functional capacity.  20 C.F.R. § 416.994(b)(iii).  If the

12  answer to step four is yes, the Commissioner skips to step six and inquires whether

13  all of the claimant's current impairments in combination are severe.

14      If there has been no medical improvement or medical improvement is not

15  related to the claimant's ability to work, the evaluation proceeds to step five.  At

16  step five, consideration is given to whether the case meets any of the special

17  exceptions to medical improvement for determining that disability has ceased.  20

18  C.F.R. § 416.994(b)(5)(iv).  At step six, if medical improvement is shown to be

19  related to the claimant's ability to work, a determination will be made to assess

20  whether the claimant's current impairments in combination are severe—that is,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

whether they impose more than a minimal limitation on his physical or mental ability to perform basic work activities. 20 C.F.R. § 416.994(b)(5)(v). If the answer to that inquiry is yes, at step seven the ALJ must determine whether the claimant can perform past relevant work. 20 C.F.R. § 416.994(b)(5)(vi), 416.920(e); SSR 82-61, available at 1982 WL 31387.

Finally, at step eight, if the claimant cannot perform past relevant work, a limited burden of production shifts to the Commissioner to prove there is alternative work in the national economy that the claimant can perform given his age, education, work experience, and residual functional capacity. 20 C.F.R. § 416.994(b)(5)(vii). If the claimant cannot perform a significant number of other jobs, he remains disabled despite medical improvement; if, however, he can perform a significant number of other jobs, disability ceases. *Id.*

Prior to the final step, the burden to prove disability and continuing entitlement to disability benefits is on the claimant. 20 C.F.R. § 416.994; *cf. Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). The Commissioner must consider all evidence without regard to prior findings and there must be substantial evidence that medical improvement has occurred. 42 U.S.C. §§ 423(f)(1), 1382c(a)(4). The Commissioner views the evidence in a continuing disability review from a neutral perspective, without any initial inference as to the existence

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

of disability being drawn from a prior finding of disability. 42 U.S.C. §§ 423(f)(1), 1382c(a)(4).

   If the analysis proceeds to step eight, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." *Cf. Bowen v. Yuckert*, 482 U.S. at 146 n. 5; and *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012) (applying the same burden at the initial disability determination).

## ALJ'S FINDINGS

   Plaintiff applied for supplemental security income benefits on August 23, 2004, and alleged a disability onset date (as amended) also of August 23, 2004.  Tr. 1055-56.  The application was denied initially, Tr. 32-35, and on reconsideration, Tr. 29-30.  Plaintiff appeared at a hearing before an Administrative Law Judge (ALJ) on March 28, 2012.[1]  Tr. 1085-1132.  On May 9, 2012, the ALJ partially denied Plaintiff's claim.  Tr. 372-91.

---

[1] Prior hearings were held on September 22, 2006, and August 7, 2009.  Tr. 327-53, 1055-84.  The subject of this appeal is the ALJ's decision following the third hearing.  *See* Tr. 372, n. 1 (current ALJ's recitation of the case's procedural history).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

1    At step one, the ALJ found that Plaintiff has not engaged in substantial

2    gainful activity since the alleged onset date, August 23, 2004.  Tr. 375.  At step

3    two, the ALJ found that from August 23, 2004, through April 22, 2010, the period

4    Plaintiff was disabled, and continuing to the date of the decision, Plaintiff suffered

5    from the following severe impairments: depression; anxiety; personality disorder;

6    asthma; obesity; and hypothyroidism.  Tr. 375.  At this step, the ALJ also found

7    that Plaintiff does not have an impairment or combination of impairments that

8    meets or medically equals a listed impairment.  Tr. 376.[2]  At step three, the ALJ

9    found that medical improvement occurred as of April 23, 2010.  Tr. 385.  The ALJ

10   found that the medical improvement is related to the ability to work because it

11   resulted in an increase in Plaintiff's mental residual functional capacity.  Tr. 387,

12   389.  The ALJ found that as of April 23, 2010, Plaintiff continued to have severe

13   impairments.  Tr. 375.  The ALJ concluded that Plaintiff had the RFC to perform a

14   range of light work, with additional limitations, beginning April 23, 2010.  Tr. 387.

15       The ALJ found that, as of April 23, 2010, Plaintiff was unable to perform

16   _____

17   [2] The ALJ found that Plaintiff was disabled from August 23, 2004 to April 22,

18   2010, because there were no jobs that existed in significant numbers in the national

19   economy that Plaintiff could have performed, given her assessed RFC for that

20   period.  Tr. 383-84.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

her past relevant work.  Tr. 389.  At the last step, the ALJ found that as of April 23, 2010, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as hand packager and table worker.  Tr. 390.  On that basis, the ALJ concluded that Plaintiff's disability, as defined in the Social Security Act, ended as of April 23, 2010.  Tr. 390.

On September 18, 2014, the Appeals Council denied review, Tr. 354-56, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act beginning April 23, 2010.  ECF No. 16.  Plaintiff raises the following issues for this Court's review:

1.  Whether the ALJ properly weighed the medical opinion evidence; and

2.  Whether the ALJ properly determined that medical improvement occurred on April 23, 2010.

ECF No. 16 at 8-14.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

# DISCUSSION

## A.  Medical Opinion Evidence

Plaintiff faults the ALJ's for improperly considering the medical opinions of examining psychologists W. Scott Mabee, Ph.D., and John Arnold, Ph.D.; and reviewing psychologist Donna Veraldi, Ph.D.  ECF No. 16 at 9-13.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id*.  "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id*. (citations omitted).  If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F. 3d 1211, 1216 (9th Cir. 2005).  "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion

is brief, conclusory and inadequately supported by clinical findings." *Bray v.*

*Comm'r of Soc. Sec. Admin*., 554 F.3d 1219, 1228 (9th Cir. 2009) (internal

quotation marks and brackets omitted). "If a treating or examining doctor's

opinion is contradicted by another doctor's opinion, an ALJ may only reject it by

providing specific and legitimate reasons that are supported by substantial

evidence." *Bayliss,* 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-31

(9th Cir. 1995).

> *Donna Veraldi, Ph.D.*

Plaintiff contends that the ALJ "discusses the mild to moderate, and

moderate limitations assessed by Dr. Arnold, but does not discuss how the

vocational expert testified that the individual would not be able to work with the

moderate limitations outlined by Dr. Mabee and Dr. Arnold." ECF No. 16 at 13

(citing the vocational expert's testimony at Tr. 1127-28).

The parties misread the record. At the hearing, Plaintiff's counsel asked the

vocational expert to consider a hypothetical claimant with the physical limitations

that were incorporated into the ALJ's RFC and the following limitations:

> the individual would have moderate limitations in: (1) the ability to
> understand and remember detailed instructions, carry out detailed
> instructions; (2) maintain attention and concentration for extended periods;
> (3) perform activities within a schedule, maintain regular attendance and be
> punctual within customary tolerances; (4) complete a normal work day and
> work week without interruptions from psychologically based symptoms and
> perform at a consistent pace without an unreasonable number and length of

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

1    rest periods; (5) accept instructions and respond appropriately to criticism
2    from supervisors; and (6) set realistic goals and make plans independently of
     others.

3    Tr. 1126-27.

4         Psychologist Dr. Veraldi testified and opined, not Dr. Arnold or Dr. Mabee,

5    that Plaintiff suffers the limitations described above.  Tr. 1108.  *Compare* Tr. 1108

6    (Dr. Veraldi's testimony); *with* Tr. 1127-28 (the vocational expert's hypothetical);

7    *see also* Tr. 831-33 (example of form to which Dr. Veraldi's referred).  Dr. Veraldi

8    further opined that Plaintiff's limitations in social functioning were mild to

9    moderate, and likely increased to moderate when Plaintiff was under "higher

10   stress."

11        Significantly, when asked if a person with the physical limitations set forth

12   in the ALJ's RFC and the additional six limitations opined by Dr. Veraldi could

13   perform past work or other work, the vocational expert responded that he

14   "wouldn't expect someone with that kind of hypothetical set of limitations to be

15   able to maintain employment for any period of time."  Tr. 1128.

16        The ALJ was not required to give greater credit to the limitations assessed

17   by the reviewing psychologist than the examining sources.  The opinion of an

18   examining physician is entitled to greater weight than the opinion of a

19   nonexamining physician.  *See Lester*, 81 F.3d at 830.  The opinion of a

20   nonexamining physician cannot by itself constitute substantial evidence that

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

1  justifies the rejection of the opinion of either an examining or a treating physician.

2  *Id.* (citation omitted).  Here, however, the ALJ appeared to give Dr. Veraldi's

3  opinion greater weight.  Specifically, the ALJ stated:

4      The undersigned finds that Dr. Veraldi's opinion is supported by the
       evidence as a whole, taking into consideration the multitude of varying
5      assessments of the claimant's social functioning abilities.

6  Tr. 378.

7      The ALJ did not explicitly reject Dr. Veraldi's assessed limitations, and

8  appeared to adopt them.  Here, the RFC did not include all of Dr. Veraldi's

9  assessed limitations.  When all of these limitations were included in a hypothetical,

10 the vocational expert testified that a person with these assessed limitations would

11 not be expected "to be able to maintain employment for any period of time," Tr.

12 1128, in other words, this person would be disabled.  Because the ALJ purported to

13 adopt Dr. Veraldi's opinion, but failed to adopt (or give reasons for rejecting) her

14 assessed limitations, the ALJ erred.

15     Due to the Court's finding as to this issue, the Court concludes that it is

16 unnecessary to address the remaining medical opinions or other issues raised by

17 Plaintiff.

18 **B. Remedy**

19     As indicated, the ALJ erred when she purported to adopt Dr. Veraldi's

20 opinion but failed to incorporate several of her assessed limitations – limitations

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

1 || that the vocational expert testified would render a claimant disabled.

2 ||       Remand for further administrative proceedings is appropriate if

3 || enhancement of the record would be useful. *Harman v. Apfel*, 211 F.3d 1172,

4 || 1174, 1178 (9th Cir. 2000).  Conversely, where the record has been developed

5 || fully and further administrative proceedings would serve no useful purpose, the

6 || district court should remand for an immediate award of benefits. *Benecke v.*

7 || *Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) (citations omitted).

8 ||       More specifically, the district court should credit evidence that was rejected

9 || during the administrative process and remand for an immediate award of benefits if

10 || (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence;

11 || (2) there are no outstanding issues that must be resolved before a determination of

12 || disability can be made; and (3) it is clear from the record that the ALJ would be

13 || required to find the claimant disabled were such evidence credited. *Benecke*, 379

14 || F.3d at 593; *see also Reddick v. Chater*, 157 F.3d 715, 728 (9th Cir. 1998); *Lester*,

15 || 81 F.3d at 834.

16 ||       Here, the ALJ failed to provide any reasons for rejecting the limitations

17 || assessed by the testifying expert, although the ALJ purported to credit the opinion,

18 || satisfying the first prong of the test.  There have been three hearings in this matter,

19 || and there are no outstanding issues that must be resolved before a disability

20 || determination can be made, satisfying the second prong.  Finally, it is clear from

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

the record that if Dr. Veraldi's improperly discounted or unaddressed evidence is credited, the ALJ would be required to find Plaintiff disabled.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and contains harmful legal error. Moreover, for the reasons discussed herein, the case is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) **FOR AN IMMEDIATE AWARD OF BENEFITS.**

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment, **ECF No. 16**, is **GRANTED**. The matter is REVERSED and REMANDED FOR AN IMMEDIATE AWARD OF BENEFITS.

2. Defendant's motion for summary judgment, **ECF No. 22**, is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of Plaintiff and **CLOSE** the file.

DATED this 23rd day of September, 2016.

*S/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14